979 F.2d 858
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Arthur C. SHAW, Independent Executor of the Estate of Gary
Lee Shaw, and on behalf of all Statutory Beneficiaries,
individually; Eric Shaw, individually; Lori Ann Shaw
Blackwelder, individually, Plaintiffs-Appellants,
v.
THE CITY OF CALERA, OKLAHOMA, Defendant-Appellee.
 No. 92-7071.
 United States Court of Appeals, Tenth Circuit.
 Nov. 16, 1992.
 
 Before JOHN MOORE, TACHA, and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from an order of the district court granting summary judgment in favor of defendant City and refusing plaintiffs' request for a continuance under Rule 56(f). Plaintiffs appeal on the grounds that the district court erred in its finding that the City has no duty to warn motorists about dangerous or hazardous conditions on a state highway or to notify the State regarding dangerous or hazardous conditions on a state highway within the city limits. Plaintiffs further allege that the district court erred in finding that the City is immune from liability under 51 Okla.Stat. § 155.1. We affirm.
 
 
 3
 This appeal is based on diversity of citizenship jurisdiction and grew out of an automobile accident in which Gary Lee Shaw died within the city limits of defendant Calera. The accident occurred on U.S. Highway 69. On behalf of the Estate of Gary Lee Shaw, plaintiffs argue that the City has a duty to warn and protect the motoring public from hazardous conditions on a state highway, and a similar duty to notify the State of these dangerous conditions. The district court found that the City is immune from liability and owes no duty to warn or protect motorists or to notify the State when the accident occurs on a state highway. We agree with the district court and affirm for substantially the reasons given by the district court. AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3